IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT A. KUBIAK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-6337 |
| STACEY HARRIS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                 **MAY 29, 2012**

      Presently before the Court is Plaintiff, Albert A. Kubiak's ("Kubiak"), Motion for Reconsideration of his Motion to Compel that was granted in part and denied in part by this Court (Doc. No. 12). Also, before this Court is Defendant Philadelphia Police Officers, Stacey Harris (" Officer Harris"), Leslie Cain ("Officer Cain"), and Dominic Butterline's ("Officer Butterline") (collectively "Defendants"), Motion for Protective Order and Motion for Sanctions, and Kubiak's own Motion for Sanctions. For the reasons stated below, we will deny all said Motions.

**I.      BACKGROUND**

      On October 9, 2011, Kubiak filed a Complaint against the Defendants asserting an action under 42 U.S.C. § 1983 for excessive use of force, and a state law claim for assault. Kubiak asserts that on October 8, 2009, Defendants came to the premises where he was residing regarding a violation of a protection from abuse order. (Compl. ¶ 9.) Kubiak states that he was on the porch of this residence at the time of the incident. (Id. ¶ 11.) He asserts that when the

Defendants approached him on the porch, he "tripped over a backpack which he inadvertently did not see and started falling to the porch," and that while he was falling, "Defendant Harris grabbed him with both hands and threw him to the porch with great force." (Id. ¶ 14.) Kubiak further contends that he landed on his back, and that Officer Harris then "jumped on top" of him, and punched him "five times in the nose and 7-8 times in the head in the area of the right ear." (Id. ¶¶ 14-15.) Kubiak alleges that Officer Cain held his left foot down and an unknown female police officer held his right foot down while this beating took place. (Id. ¶ 18.) He also avers that Officer Butterline "pressed down on his shoulders" to make sure he could not get up. (Id. ¶ 19.)

On April 24, 2012, Kubiak filed a Motion to Compel answers to certain interrogatories and production of documents. On April 14, 2010, we granted this Motion in part and denied it in part. Defendants were ordered to fully respond to certain interrogatories and produce specific documents. Kubiak's other requests were denied. Kubiak filed the instant Motion for Reconsideration of this Order on May 5, 2012. Defendants filed a Motion for a Protective Order and for Sanctions on May 9, 2012. Kubiak filed his own Motion for Sanctions on May 14, 2012.

II.   **STANDARD OF REVIEW**

Plaintiff has filed a Motion for Reconsideration as provided for in Local Civil Rule 7.1(g). The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). This Circuit has held that the party seeking reconsideration must demonstrate at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co., No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple." See Bhaunagar v. Surrendra Overseas Ltd., 52 F.3d 120, 1231 (3d Cir. 1995). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Kennedy Industries, Inc. v. Aparo, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

Moreover, in light of the court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." Calhoun v. Mann, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing Ciena Corp. v. Corvis Corp., 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

**III.   DISCUSSION**

We will first address Kubiak's Motion for Reconsideration. In rejecting part of Kubiak's Motion to Compel the Defendants to answer certain interrogatories and produce specific documents, although not stated in our Order, we were of the opinion that such requests were not "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). In addition, we believed that such requests were "unreasonably cumulative or duplicative" and much of the information requested was "obtainable from some source that is

more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(I).

As noted above, a motion for reconsideration "may not be used to rehash arguments that have already been briefed by the parties and decided by the Court." Calhoun, 2009 WL 1321500, at *1. This is precisely what Kubiak has done in his Motion for Reconsideration. He essentially restates the grounds that he advanced in his Motion to Compel. Thus, because Kubiak has not cited any case law indicating "an intervening change in the controlling law;" offered "new evidence that was not available" when we denied his Motion, or made a convincing argument supporting the "need to correct a clear error of law or fact or to prevent manifest injustice," we deny Kubiak's Motion for Reconsideration. See Max's Seafood, 176 F.3d at 677.

Next, we address Defendants' Motion for Protective Order. Defendants seek a Protective Order against Kubiak who seeks discovery regarding Defendants' "mental health and physical fitness, including pre-employment reports of psychological fitness." (Defs.' Mot. Protective Order at 3.) Because we have already denied Kubiak's request for these records in his Motion to Compel, we consider this issue to be moot. However, if Kubiak continues to seek such information, Defendants can renew this Motion. For now, however, we deny this Motion.

Defendants and Kubiak have also both motioned for sanctions against each other. Defendants assert that sanctions are appropriate here because Kubiak's Motion for Reconsideration is frivolous in that he has advanced identical arguments to his original Motion in his attempt to have this Court reconsider its decision. However, while we agree that Kubiak's arguments are very similar and even identical in parts to those in his Motion to Compel, we decline to grant a Motion for Sanctions against him at this time.

In addition, Kubiak requests "that the court award sanctions including reasonable

attorneys fees to Plaintiff." (Pl.'s Resp. Mot. for Sanctions and Protective Order and Mot. for Santions at 5.) Kubiak asks for sanctions for opposing counsel's "unprofessional behavior" and "purposeful efforts to obstruct discovery." (Id. at 3.) This Motion is also denied. We note that counsel for both parties have spent a great deal of time and effort in Response and Reply briefs accusing the other of name-calling and unprofessional behavior during the course of conducting depositions and during phone calls to each other. This Court has little tolerance for unprofessional behavior on the part of attorneys. Both counsel are strongly advised to cease such behavior or this Court will sanction either and/or both sides that it considers responsible for such behavior.

      An appropriate Order follows.