IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALBERT A. KUBIAK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 11-6337 |
| STACEY HARRIS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                      **MARCH 1, 2013**

Presently before the Court is Plaintiff, Albert A. Kubiak's ("Kubiak"), Motion for Partial Summary Judgment against Defendant, Philadelphia Police Officer Stacey Harris ("Officer Harris"). For the reasons stated below, we will deny the Motion.

**I.     BACKGROUND**

On October 9, 2011, Kubiak filed a Complaint and, on January 24, 2013, an Amended Complaint against Defendants, Philadelphia Police Officers Harris, Leslie Cain ("Officer Cain"), Dominic Butterline ("Officer Butterline"), and Christine Rocks ("Officer Rocks") (collectively, "Defendants"). Kubiak asserts an action under 42 U.S.C. § 1983 for excessive use of force, and a state law claim for assault against all Defendants. Kubiak claims that on October 8, 2009, Defendants came to the premises where he was residing regarding a violation of a protection from abuse order.[1] (Am. Compl. ¶ 9.) Kubiak states that he was on the porch of this residence at

---

[1]Defendants assert in their Answer that:

> According to police paperwork, the officers responded to a call of a domestic dispute at 2542 South Franklin Street, in Philadelphia, PA

the time of the incident. (Id. ¶ 11.) He asserts that when the Defendants approached him on the porch, he "tripped over a backpack which he inadvertently did not see and started falling to the porch," and that while he was falling, "Defendant Harris grabbed him with both hands and threw him to the porch with great force." (Id. ¶ 14.) Kubiak further contends that he landed on his back, and that Officer Harris then "jumped on top" of him, and punched him "five times in the nose and 7-8 times in the head in the area of the right ear." (Id. ¶¶ 14-15.) Kubiak alleges that Officer Cain held his left foot down and Officer Rocks held his right foot down while this beating took place and that the Officers took no action to prevent the continual punching of him. (Id. ¶ 18.) He also avers that Officer Butterline "pressed down on his shoulders" to make sure he could not get up. (Id. ¶ 19.)

On April 5, 2012, Kubiak filed a Motion to Compel answers to certain interrogatories and for production of documents. On April 24, 2012, we granted this Motion in part and denied it in part. Defendants were ordered to fully respond to certain interrogatories and produce specific documents. Kubiak's other requests were denied. (Doc. No. 12). Kubiak filed a Motion for Reconsideration of this Order on May 5, 2012, which we denied on May 29, 2012. (Doc. No. 20). Kubiak filed the instant Motion for Partial Summary Judgment against Officer Harris on February 1, 2013, and Officer Harris responded on February 8, 2013.

---

19142, on October 8, 2009, at about 6:20 p.m. The plaintiff escalated this police response into an arrest for violating a valid protection from abuse order ("PFA") and for resisting arrest, when the plaintiff refused to leave the premises after being served with the valid PFA that his mother had obtained against him and when he actively resisted being arrested for violating the PFA.

(Defs.' Ans. to Compl. ¶ 9.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A fact is material if it could affect the outcome of the suit after applying the substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion.  Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996).

If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

**III.  DISCUSSION**

As noted, Kubiak filed the instant Motion seeking summary judgment against only one of the Defendants-Officer Harris. In support of his Motion, Kubiak asserts that the "stories of Defendants are logically inconsistent and in reality they are lies." (Pl.'s Mot. Summ. J. at 15.) Kubiak, in essence, argues that he is entitled to summary judgment because the deposition testimony of the Defendant Officers is in total contrast to his own deposition testimony and that of witnesses, Duran Denaro ("Denaro"), and his mother, Margaret Kubiak and, therefore, no rational trier of fact could find for Officer Harris.

Kubiak's Brief in Support of Partial Summary Judgment, however, actually supports an argument that summary judgment is inappropriate here because there clearly exist genuine issues of material fact concerning the credibility of the parties and other witnesses which must be decided by a jury. Most of Kubiak's argument in his Brief is geared toward pointing out inconsistencies between the following: his testimony; the testimony of Officer Eliezer Gonzalez ("Officer Gonzalez"), who is a non-defendant Philadelphia Police Officer who was present at the scene; the testimony of Denaro and Margaret Kubiak; and the deposition testimony of Officers Harris, Cain, Butterline, and Rocks. For example, Kubiak asserts that Officers Butterline and Harris testified that they both "took Kubiak to the ground," but Officer Rocks, who was present during the entire incident stated that only Officer Harris did, and Officer Gonzalez testified that no one touched Kubiak except Harris. (Pl.'s Mot. Summ. J. at 15.) Kubiak further asserts that Officer Harris testified that Kubiak swung his arms at him and ripped off his radio headset while

4

Officer Gonzalas did not see this, and never heard any officer tell Kubiak to put his hands up so he could be handcuffed. (Id. at 16.) However, we note that Officer Gonzalez also testified that he was "not sure" who initiated the contact between Officer Harris and Kubiak, and that Kubiak resisted being arrested on the protection of abuse order.[2] (Gonzalez Dep. at 10-11). Officer Gonzalez stated that "He [Kubiak] didn't want to come. He was pushing and shoving." (Id. at 11.) Kubiak also asserts that his mother, Margaret Kubiak testified that she saw Officer Harris sitting on top of Kubiak swinging his arms at him while he screamed for Officer Harris to stop, and that Denaro, a neighbor, testified that he saw the entire incident from across the street and that Harris immediately rushed toward Kubiak and started to punch him several times in the face and head. (Pl.'s Mot. Summ. J. at 5.)

Kubiak's Brief goes on to assert additional inconsistencies in the parties' and witnesses' versions of the incident. However, such inconsistencies just further support a finding that there are issues of material fact concerning the credibility of the parties and the witnesses that only the fact-finder can weigh and determine. Because such issues of material fact plainly exist in this matter, Kubiak's Motion for Partial Summary Judgment is denied. See Celotex, 477 U.S. at 322.

An appropriate Order follows.

---

[2]It is also notable that Officer Butterline testified at his deposition that when he arrived at the residence, Kubiak was sitting on the porch. (Butterline Dep., at 12.) Officer Butterline advised Kubiak that he had a "Protection Order against him with an eviction, and he had to leave the premises." (Id. at 13.) Butterline testified that Kubiak responded, "I ain't f- - king going anywhere. I would like to see you try and make me leave." (Id.) Kubiak also responded, "[t]hat's why cops get f- - king shot everyday. You don't make me do anything." (Id.)